IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD MICKENS,** | : | CIVIL ACTION NO. 3:23-CV-846 |
| Petitioner | : | |
| | : | (Judge Neary) |
| v. | : | |
| **WARDEN B. RICKARD,** | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Harold Mickens, an inmate in Schuylkill Federal Correctional Institution ("FCI-Schuylkill") argues that the United States Bureau of Prisons ("BOP") has improperly denied him presentence credit. Because the BOP properly determined that Mickens was not entitled to the requested credit, his petition will be denied.

**I.  Factual Background & Procedural History**

Mickens is serving a 63-month sentence imposed by the United States District Court for the District of New Jersey for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] (Doc. 12-1 at 3). On December 8, 2019, police in Jersey City, New Jersey, arrested Mickens pursuant to an arrest warrant issued by Cumberland County, New Jersey, for a violation of state probation in Cumberland County and other new criminal charges in Hudson County, New

---

[1] Information in this section regarding Mickens's state and federal charges and detention is based on the exhibits attached to respondent's response. Mickens has not filed a reply brief or otherwise challenged the veracity or authenticity of these exhibits.

Jersey. (Id. at 4). Mickens was in state custody when he was charged with his federal offense through an indictment in the United States District Court for the District of New Jersey on February 21, 2020. (Id.) He was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum on February 26, 2020. (Id.) On October 23, 2020, Mickens was sentenced to seven years of imprisonment for a violation of his state probation in Cumberland County. (Id.) New Jersey gave him credit for time in custody from December 8, 2019, to October 22, 2020. (Id.) On November 19, 2020, Mickens was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum. (Id.)

On December 16, 2020, while Mickens was in federal custody on a writ, the Hudson County Superior Court sentenced him to a five-year prison sentence to be served concurrently with his Cumberland County sentence. (Id.) The Hudson County Superior Court awarded time credit towards the sentence from December 7, 2019, through December 15, 2020. (Id.)

On September 1, 2021, while Mickens remained in temporary federal custody on a writ of habeas corpus ad prosequendum, the New Jersey Department of Corrections granted him parole and transferred him to the exclusive jurisdiction of federal authorities. (Id.) Mickens was sentenced to his current federal sentence in the United States District Court for the District of New Jersey on March 16, 2022. (Id.) The United States Bureau of Prison granted him presentence credit for the period from September 1, 2021, through March 16, 2022, the period when he was in primary federal custody before the imposition of his sentence. (Id. at 5). Mickens's

current projected release from federal custody is February 22, 2026, via good conduct time. (Id.)

Mickens filed this case on May 23, 2023, seeking credit towards his sentence for the period when he was in custody prior to September 1, 2021. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent filed a response on August 4, 2023, arguing that credit for the relevant period was properly denied because Mickens was given credit for the period towards his state sentences. (Doc. 12). Mickens did not file a reply brief, and the deadline for doing so has expired. The case was reassigned to the undersigned on January 21, 2025, pursuant to a verbal order from Chief United States District Judge Matthew W. Brann.

## II.    Discussion

Although the exact nature of Mickens's arguments is not clear, the court liberally construes his petition as (1) requesting time credit for the period he was in federal custody on a writ of habeas corpus ad prosequendum; and (2) arguing that he should be given credit for his entire period of custody prior to September 1, 2021, because he was in the primary jurisdiction of the federal government throughout that period.

Mickens's request for presentence credit is governed by 18 U.S.C. § 3585. Under Section 3585, a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18

3

U.S.C. § 3585(a). The statute further provides that the defendant is to be given credit:

> for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. § 3585(b).

Under the primary custody doctrine, when a defendant faces prosecution by both a state government and the federal government "the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (nonprecedential) (citing Bowman, 672 F.2d 1145, 1153 (3d Cir. 1982). When a defendant is temporarily transferred from one sovereign to another under a writ of habeas corpus ad prosequendum, the defendant "remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), *supserseded by statute in nonrelevant part as recognized in* United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000). The defendant "remains in service of the first sentence imposed during the time period, and the writ merely 'loans' the prisoner to federal authorities." Id. at 275.

4

Mickens's request for time credit for the period he spent in federal detention on a writ of habeas corpus ad prosequendum is plainly barred by Section 3585(b)'s prohibition on double credit because he remained in service of his state sentences and was given credit towards his state sentences for the period. See 18 U.S.C. § 3585(b); Rios, 201 F.3d at 274-75.

Although Mickens does not specifically assert the argument, the court nonetheless liberally construes his petition as arguing that he should be given credit for the time he spent in federal custody on a writ of habeas corpus ad prosequendum pursuant to Willis v. United States, 438 U.S. F.3d 923 (5th Cir. 1971), Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and the BOP program statement applying those decisions.

Willis and Kayfez recognize a limited exception to Section 3585(b)'s prohibition on double counting for presentence credit in situations "where a credit against a concurrent state sentence 'would not benefit the defendant except that he would be serving only one sentence instead of two concurrent ones.'" Taccetta, 606 F. App'x at 664 (quoting Kayfez, 993 F.2d at 1290). In such a situation, Willis and Kayfez allow credit to be applied to the defendant's federal sentence even if the defendant already received credit for the same period towards his state sentence. Id. The Willis rule applies only when (1) the state and federal sentences are concurrent; and (2) the "effective full term"—i.e., the full sentence length not including any potential time credits—of the state sentence is equal to or shorter than the federal sentence. Id. The Kayfez rule applies only when (1) the state and federal sentences are concurrent; and (2) the effective full term of the state sentence

5

is shorter than the federal sentence once qualified presentence time has been applied to the sentence. Id. The BOP applies both the Willis and Kayfez rules nationwide pursuant to a BOP program statement. Id.

Neither the Supreme Court nor the United States Court of Appeals have ever adopted the Willis and Kayfez rules in a precedential opinion. The only precedential Third Circuit case that has discussed the scope of Willis and Kayfez is Rios, where the court noted in dicta that the BOP's rule adopting the cases "seemingly conflicts with the plain language of section 3585(b)." Rios, 201 F.3d at 272. The court, however, did not squarely address whether Willis and Kayfez credits are proper under the statute, noting that that issue was not before the court. Id.

Nevertheless, several nonprecedential decisions in this circuit have applied Willis and Kayfez in deference to the BOP's policy applying them. See, e.g., Taccetta, 606 F. App'x at 663 ("The BOP's view of § 3585, as expressed through an interpretative rule, is entitled to 'some deference so long as it sets forth a permissible construction of the statute.'" (quoting Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011))); Shahid v. Schultz, 272 F. App'x 150, 154 (3d Cir. 2008) ("Affording the BOP's Program Statement the deference it is due, we cannot declare it invalid on the basis of the challenge lodged against it by Shahid." (quoting Rios, 201 F.3d at 275)).

Deference to the BOP's policy may have been justified at the time these decisions were issued, but after the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), it no longer is. In Loper Bright, the

6

Court overruled the Chevron doctrine,[2] which required courts to defer to an administrative agency's reasonable interpretation of an ambiguous statute. Id. at 412. Under Loper Bright, courts are to give due regard to an agency's expertise in a particular field, but are no longer bound by the agency's interpretation of the statute. Id. at 403. Courts must interpret a statute without deferring to an agency's policy preference that is not expressed in the language of the statute. Id. at 403-04.

Viewed without binding deference, the BOP's policy adopting Willis and Kayfez is plainly contradictory to the language of 18 U.S.C. § 3585(b). Both Willis and Kayfez allow a defendant to receive credit towards his sentence for presentence time that has already been credited towards the defendant's state sentence. See Taccetta, 606 F. App'x at 664. Section 3585(b), however, clearly states that presentence credit may only be awarded towards a federal sentence for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Although the BOP policy adopting Willis and Kayfez and allowing double counting of some presentence time may be good policy, it is plainly not a policy that is allowed by the language of the statute. Hence, this court must apply the language of Section 3585(b) and deny Mickens's request for credit for the period in which he was in federal detention on a writ of habeas corpus ad prosequendum because this time was credited towards his state sentences.

---

[2] See Chevron, U.S.A., Inc. v. Nat. Resources Defense Council, Inc., 467 U.S. 837 (1984).

Moreover, even if Section 3585(b) did allow Willis and Kayfez credits for presentence time, Mickens would not be entitled to such credits. Willis and Kayfez only apply when the defendant's federal and state sentences are concurrent, see Taccetta, 606 F. App'x at 664, and there is no indication that the United States District Court for the District of New Jersey intended for his federal sentence to run concurrently with his state sentences, see (Doc. 12-1 at 51-52). In the absence of instruction from the sentencing court that the sentences are concurrent, the sentences must be treated as consecutive. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Finally, to the extent Mickens argues that he should be given credit for presentence time because he was in the primary custody of the federal government rather than the state government throughout the period in question, he does not have standing to assert such an argument. See Ponzi v. Fessenden, 258 U.S. 254, 260 (1920); Bowman, 672 F.2d at 1153-54; United States *ex rel.*, Brewer v. Maroney, 315 F.2d 687, 688 (3d Cir. 1963). "The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." Bowman, 672 F.3d at 1154 (quoting Derengowski v. U.S. Marshal, Minneapolis Office, Minn. Division, 377 F.2d 223, 224 (8th Cir. 1967)). Mickens's petition will accordingly be denied because there is no basis to conclude that he is entitled to the presentence credit he seeks.

### III.   Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ K<small>ELI</small> M. N<small>EARY</small>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 27, 2025